**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

Legacy-Xspire, Holdings, LLC                    Case No.: 8:23-bk-04251-RCT

                                                *Jointly Administered with*

WraSer, LLC                                     Case No.: 8:23-bk-04253-RCT

Xspire Pharma, LLC                              Case No.: 8:23-bk-04254-RCT

                    Debtors.                    Chapter 11 Cases
_____/


WraSer, LLC, and Xspire Pharma, LLC,

         Plaintiffs,

v.
                                                Adv. No._____

Cardinal Health, Inc., an Ohio corporation,

         Defendant.
_____/

## <u>COMPLAINT</u>

Plaintiffs, WraSer, LLC ("**Wraser**"), and Xspire Pharma, LLC ("**Xspire**," and together with Wraser, the "**Plaintiffs**"), by and through their undersigned counsel, hereby file this Complaint against Cardinal Health, Inc. (the "**Defendant**" or "**Cardinal**") and respectfully allege as follows:

## NATURE OF ACTION

1.      This is an adversary proceeding objecting to claims and seeking damages for breach of contract, account stated, and open account.

2.      As described herein, the Defendant failed to remit payments owed to the Plaintiffs pursuant to certain wholesale agreements.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

5.      This adversary proceeding arises under the Bankruptcy Code and is related to the above-captioned bankruptcy cases of each of the Debtors, now pending before this Court (the "**Bankruptcy Cases**").

6.      This proceeding is a "core" proceeding within the meaning of that term under 28 U.S.C. § 157(b), and the Court may enter final orders for the matters contained herein.

7.      To the extent that any claim asserted herein constitutes a non-core proceeding and/or if the Court lacks constitutional authority to enter a final judgment on any claim asserted herein, the Plaintiffs hereby consent to the entry of final orders and judgment by the Court pursuant to Federal Rule of Bankruptcy Procedure 7008 and Rule 7001-1(k)(6) of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida.

## THE PARTIES

8.      At the time of the Petition Date, the Plaintiffs were engaged in acquiring, marketing, and distributing various branded and generic niche prescription drugs.

9.      Legacy-Xspire Holdings, LLC ("**LXH**") is the operating parent company of its wholly-owned subsidiaries, Wraser and Xspire.

10.     Wraser and Xspire primarily both marketed and distributed prescription drugs to physicians, pharmacies, and wholesale and specialty pharmaceutical distributors across the United States.

11.     Wraser and Xspire are both Mississippi limited liability companies with their principal places of business in Ridgeland, Mississippi.

12.     Cardinal is a Ohio corporation with its principal place of business in Dublin, Ohio.

**FACTUAL BACKGROUND**

13.     Xspire and the Defendant are parties to the Cardinal Health Supplier Agreement dated January 16, 2015 (the "**Agreement**"), among other agreements.  A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

14.     Pursuant to, among other agreements, the Agreement, the Defendant, purchased pharmaceutical products from the Plaintiffs in exchange for the Defendant's payment of agreed prices (the "**Transactions**").

15.     On September 26, 2023 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, as a result of their asset sale being disrupted by an unsecured creditor who took extraordinary pre-judgment action to enjoin the Debtors' assets and sale progress, commencing bankruptcy case numbers 8:23-bk-04251-RCT (the "**LXH Case**"), 8:23-bk-04253-RCT (the "**Wraser Case**"), and 8:23-bk-04254 (the "**Xspire Case**").

16.     On December 5, 2023, the Defendant filed a secured claim in the amount of $36,227.39 as Claim No. 9 in the Wraser Case ("**Claim No. 9**"). Claim No. 9 is attached hereto as **Exhibit B**.

17.    On December 5, 2023, the Defendant additionally filed a secured claim in the amount of $60,689.22 as Claim No. 7 in the Xspire Case ("**Claim No. 7**"). Claim No. 7 is attached hereto as **Exhibit C**.

18.    The Debtors' books and records reflect that, up to May 1, 2024, the Defendant owes Wraser the principal sum of at least $92,781.14 ("**Wraser Balance**"), plus applicable interest, costs, and other fees.  A copy of the invoices reflecting the Wraser Balance is attached hereto as **Exhibit D**.

19.    The Debtors' books and records also reflect that, up to May 1, 2024, the Defendant owes Xspire the principal sum of at least $293,723.84 ("**Xspire Balance**"), plus applicable interest, costs, and other fees.  A copy of the invoices reflecting the Xspire Balance is attached hereto as **Exhibit E**.  Thus, between the Wraser Balance and the Xspire Balance, the Defendant owes the Plaintiffs a total of at least $386,504.98 (the "**Total Balance**").

20.    The Defendant has, to date, despite receipt of a demand letter dated March 8, 2024 and a follow-up correspondence regarding same, failed to pay the monies owed to Plaintiffs.  In fact, the Defendant has failed to pay the Plaintiffs since on or about October 16, 2023.

**COUNT I**
**OBJECTION TO CLAIMS**

21.    The Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1-20 of this Complaint as if fully set forth herein.

22.    Section 502 of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Bankruptcy Rule 3007(c) and 3007(d) provide that, under certain circumstances, or with Court approval, more than one claim may be joined in a single objection. Fed. R. Bankr. P. 3007(c)-(d).

23.     Rule 3001(c)(1) of the Federal Rules of Bankruptcy Procedure provides that, "[w]hen a claim is based on a writing, the original or a duplicate *shall* be filed with the proof of claim." Fed. R. Bank. P. 3001(c)(1) (emphasis added). Further, Official Form 410 requires claimants to "[a]ttach redacted copies of any documents that support the claim, such as . . . purchase orders, invoices, itemized statements of running accounts, contracts . . . and security agreements."

24.     A proof of claim that is "executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and the amount of the claim." Fed. R. Bankr. P. 3001(f); *see also In re Taylor*, 363 B.R. 303, 307 (Bankr. M.D. Fla. 2007). To be entitled to this presumption of validity, a proof of claim must include sufficient supporting evidence. *In re Taylor*, 363 B.R. at 307–08.

25.     Plaintiffs object to Claim Nos. 7 and 9 because (i) they are facially defective because they do not attach supporting documentation necessary to allow Plaintiffs to ascertain the validity of the debt nor the underlying transactions; and (ii) Defendant does not have a security agreement nor a properly perfected security interest.

WHEREFORE, the Plaintiffs respectfully request that this Court: (i) sustain Plaintiffs' objection to Claim Nos. 7 and 9; (ii) disallow the claims as legally unenforceable debts; and (iii) grant any other such relief as the Court determines just and proper, including attorneys' fees for bringing this objection.

**COUNT II**
**BREACH OF CONTRACT**

26.     The Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1-20 of this Complaint as if fully set forth herein.

27.     This is an action brought against the Defendant for breach of contract.

28.     The Defendant entered into the valid and binding supplier and related agreements (together with the Agreement, the "**Agreements**") with the Plaintiffs.

29.     The Plaintiffs fulfilled all their obligations under the Agreements by, *inter alia*, providing the Defendant pharmaceutical products.

30.     The Defendant materially breached, *inter alia*, the Agreements' payment terms when it failed to timely pay its invoices owed to the Plaintiffs (the "**Breach**").  The due dates for the Defendant's payment of all invoices making up the Total Balance have expired.

31.     The Plaintiffs notified the Defendant of its Breach via their demand letter dated March 8, 2024 and a follow-up correspondence.

32.     The Defendant has, to the date of the filing of this Complaint, failed to cure its Breach by paying the Plaintiffs the Total Balance.

33.     The Plaintiffs have suffered damages as a direct and proximate result of the Defendant's Breach, including, but not limited to, the loss of the Total Balance plus applicable interest, costs, and fees.

34.     All conditions precedent to bring this claim, if any, have been waived, excused, performed, or otherwise occurred.

WHEREFORE, the Plaintiffs demand entry of judgment in its favor and against the Defendant for all damages allowable under the law, including, but not limited to, compensatory damages, consequential damages, and special damages, plus pre- and post-judgment interest at the maximum lawful rate, attorneys' fees and costs, and for such other and further relief as is just and appropriate.

## COUNT III
## ACCOUNT STATED

35.    The Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1-20 of this Complaint as if fully set forth herein.

36.    Pleading in the alternative to Count II, this is an action against the Defendant for account stated.

37.    Prior to the institution of this action, the Plaintiffs and the Defendant engaged in Transactions, as reflected by, *inter alia*, certain invoices.  *See* Exhibits D-E.

38.    The Plaintiffs regularly rendered invoices and/or statements of the balance due on the Defendant's account (the "**Account**").

39.    The Defendant failed to object to the invoices and/or statements, or failed to object within a reasonable time.

40.    The Defendant owes the Plaintiffs the Total Balance, along with applicable interest, fees, and costs.

41.    The Defendants promised, either expressly or implicitly, to pay the Total Balance.

42.    All conditions precedent to initiating and maintaining this action have been performed, have occurred, or have been waived.

WHEREFORE, the Plaintiffs demand judgment against the Defendant in the principal amount of the Total Balance, together with unpaid interest, attorneys' fees, costs, and for such other and further relief as is just and appropriate.

## COUNT IV
## OPEN ACCOUNT

43.    The Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1-20 of this Complaint as if fully set forth herein.

44.    Pleading in the alternative to Count II, this is an action against the Defendant for open account.

45.    As set forth herein, the Plaintiffs provided the Defendant pharmaceutical products, with respect to which an unsettled debt in amount of the Total Balance was generated (the "**Unsettled Debt**").

46.    The Plaintiffs rendered to the Defendant invoices and/or statements of the account balance due and owed on the Defendant's account on a regular basis, and the Defendant did not object to any of the invoices and/or statements provided, or failed to object within a reasonable time.

47.    The Unsettled Debt was generated in a context in which the Plaintiffs expected additional transactions with the Defendant.

48.    The Unsettled Debt, to the date of this filing, remains unresolved.

49.    All conditions precedent to initiating and maintaining this action have been performed, have occurred, or have been waived.

WHEREFORE, the Plaintiffs demand judgment against the Defendant in the principal amount of the Unsettled Debt, plus applicable interest, attorneys' fees, and costs, and for such other and further relief as is just and appropriate.

## COUNT V
## DECLARATORY JUDGMENT

50.    Paragraphs 1-20 are incorporated herein by reference, as if restated in their entirety.

51.    An actual controversy exists between Plaintiffs and Defendant concerning whether Defendant has a setoff right to monies it owes to Plaintiffs for pharmaceutical products delivered prepetition.

52.     The Agreement between Plaintiffs and Defendant arose prepetition. All of Plaintiffs' sales of pharmaceutical products to Defendant occurred prepetition. All of the amounts due to Plaintiffs, represented by the Total Balance, arose before the Petition Date.

53.     Defendant's purported rights to setoff only arose post-Petition once the Defendant failed to sell the pharmaceutical products and they purportedly expired, thus creating the credit the Defendant asserts arose post-Petition.

54.     Thus, there is a lack of mutuality between the Total Balance due pre-Petition and the credit asserted by the Defendant which arose post-Petition.  This lack of mutuality prevents any setoff.

55.     All parties necessary to the resolution of these issues are presently before the Court.

56.     Plaintiffs are not seeking legal advice, but it seeking a resolution of the Plaintiffs' and Defendant's actual rights regarding the present controversy.

57.     Plaintiffs seek a declaration that Defendant does not have enforceable setoff rights pursuant to 11 U.S.C. § 553 or under applicable nonbankruptcy law

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order declaring that Defendant does not have valid setoff rights in amounts owed to Plaintiffs as described in Claim Nos. 7 and 9.

Dated: June 17, 2024.                          RESPECTFULLY SUBMITTED,

**SHUMAKER, LOOP & KENDRICK, LLP**


 */s/ Steven M. Berman*
**Steven M. Berman, Esq.**
Florida Bar No. 856290
101 East Kennedy Blvd., Suite 2800
Tampa, Florida 33602
Phone (813) 229-7600
Facsimile (813) 229-1660
Primary email: sberman@shumaker.com

Secondary email: choffman@shumaker.com
*Counsel for the Debtors*